UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARSHALL MONROE,<br><br>                  Plaintiff,<br><br>vs.<br><br>GLORIA DEAN DAVIS, et al.,<br><br>                  Defendants. | Case No. 2:13-cv-00863-GMN-NJK<br><br>**ORDER**<br><br>Docket No. 33<br>Docket No. 34 |

      Before the Court is Defendants' Motion to Strike Plaintiff's Expert Witness Designation, Docket No. 33, and Defendants' Motion to Strike Plaintiff's Expert Witnesses Andrew Cash, M.D. and Eddie LaRue, Docket No. 34. The Court has considered the motions, as well as the respective responses and replies. Docket Nos. 36, 37, 38, 39. The Court finds that these motions are appropriately resolved without oral argument. Local Rule 78-2.

**I.**     **BACKGROUND**

      This is a personal injury action arising out of a motor vehicle accident that occurred on March 3, 2011. Docket No. 1-1, at 7. According to Plaintiff, defendant Gloria Dean Davis, a truck driver for defendant Covenant Transportation Group, struck Plaintiff Marshall Monroe's vehicle while he was driving. *Id*. As a result of the accident, Plaintiff alleges that he sustained injuries to his back, shoulder, neck, wrist, body, limbs, organs and nervous system. *Id*., at 8. On February 22, 2013, Plaintiff filed the instant action in the District Court for Clark County, Nevada. *Id*., at 1. Thereafter, on May 16, 2013, Defendants removed the case to this Court. Docket No. 1.

On July 25, 2013, the Court approved the parties' Discovery Plan and Scheduling Order. Docket No. 18. On October 30, 2013, the Court granted an extension of discovery deadlines. Docket No. 20. On January 27, 2014, the parties filed a second request to extend discovery deadlines. Docket No. 23. The Court granted the parties' request, and extended the expert disclosure deadline to April 10, 2014, and the rebuttal expert deadline to May 9, 2014. Docket No. 24, at 2.

On April 10, 2014, Plaintiff disclosed Stan Smith, Ph.D, and William Morrison, as expert witnesses, but failed to produce an expert report from either one. Docket No. 33, at 5. On May 9, 2014, Plaintiff disclosed Andrew Cash, M.D., as an expert rebuttal witness. Docket No. 34, at 5. Plaintiff also indicated that he intended to name Eddie LaRue as an "investigator/surveillance expert." *Id*. Discovery closed in this matter on June 9, 2014. Docket No. 24, at 2.

## II. DISCUSSION

### A. Motion to Strike Plaintiff's Expert Stan Smith, Ph.D

Defendants received Plaintiff's initial expert disclosure on April 10, 2014. Docket No. 33, at 5. This disclosure identified Stan Smith, Ph.D as one of Plaintiff's experts. *Id*. Plaintiff's disclosure did not contain an expert witness report for Dr. Smith. *Id*. In their motion, Defendants ask the Court to strike Dr. Smith as an expert witness for Plaintiff pursuant to Fed. R. Civ. P. 37(c)(1). *Id*., at 6. In support, Defendants observe that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure was untimely, insofar as Plaintiff's expert disclosure did not include an expert report for Dr. Smith. *Id*.

Unless otherwise ordered by the court, an expert witness disclosure "must" be accompanied by a written report. Fed. R. Civ. P. 26(a)(2)(B). The rule is explicit as to what the expert's report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous ten years; (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case. *Id*. Failure to provide a

1 written report with an expert witness disclosure renders the disclosure inadequate. *Oliva v. Nat'l City Corp.*, 2010 U.S. Dist. LEXIS 56362, *9 (D. Nev. May 12, 2010) ("As plaintiffs failed to provide the required written report with their disclosure, the disclosure is incomplete") (*citation omitted*).

Pursuant to Fed. R. Civ. P. 37(c)(1), a party that, without substantial justification, fails to provide information or identify a witness as required by Rule 26(a) may not use testimony from that witness or the undisclosed information as evidence at trial, at a hearing, or in connection with a motion, unless the failure to disclose was harmless. Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 Fed. App'x 705, 713 (9th Cir. 2010); *see also Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001) ("Rule 37(c)(1) ... was intended to foster stricter adherence to discovery requirements and to broaden the power of the district courts to sanction violations of Rule 26").

Since Plaintiff failed to provide the report of Dr. Smith within the deadlines set by this Court, the federal rules require that Plaintiff be precluded from using Dr. Smith as an expert witness unless Plaintiff can demonstrate that such failure was "harmless" or "substantially justified." Fed. R. Civ. P. 37(c)(1). Here, Defendants show prejudice by representing that without the report, they were unable to properly evaluate Plaintiff's expert to determine whether to retain a rebuttal expert witness by the May 9, 2014, deadline. *Id.*, at 7. Defendants also state that they were unable to adequately prepare for the deposition of Dr. Smith, "or even determine if the expense of conducting" the deposition was warranted. *Id.* Defendants maintain that this prejudice cannot be cured, since "as a result of the delayed disclosure, Plaintiff's experts now have the advantage of reviewing Defendants' expert reports and opinions before providing their initial expert disclosures." *Id.*, at 8. Defendants additionally note that, when counsel for Defendants asked about the omitted expert reports, "Plaintiff failed to provide a substantial justification for his untimely expert disclosures." *Id.*

1    In response, Plaintiff states that Dr. Smith's expert report - which is dated May 9, 2014, and
2 was not received by Defendants until May 22, 2014 (Docket No. 39, at 4) - should be admitted
3 because it was "inadvertently not sent to opposing counsel, by mere inadvertence."[1] Docket No. 36,
4 at 2.  Dr. Smith's expert report, however ,was due on April 10, 2014, along with the expert
5 disclosure.  As it was not even prepared until May 9, 2014, the Court finds that Plaintiff's failure to
6 produce it was not, in fact, due to a misunderstanding within his counsel's office about what to do
7 with the report.  *Id*.  The Court therefore finds that Plaintiff's failure to include Dr. Smith's expert
8 report with his expert disclosure was not "substantially justified."  Fed. R. Civ. P. 37(c)(1).

9    Plaintiff additionally maintains that Defendants have not been harmed at all, insofar as
10 Defendants "are seasoned experienced attorneys, who most certainly have anticipated the contents
11 of [Dr. Smith's] report."  Docket No. 36, at 2.  In reply, Defendants state that, "[t]o the contrary,
12 Defendants did not anticipate the significant and substantial damages[2] alleged in Dr. Smith's report,
13 and cannot be expected to foresee and respond to expert opinions that have not been produced[;] ...
14 [n]o amount of legal experience makes it possible to read Plaintiff's experts' minds."  Docket No.
15 39, at 5.

16    Plaintiff further asserts that there is no "genuine prejudice" in this matter, and reasons that
17 the trial date "could easily be continued" to accommodate Plaintiff's failure to timely provide an
18 expert report.  Docket No. 36, at 3.  Plaintiff's response ignores Defendants' specific description in
19 their motion as to how Defendants have actually been prejudiced; namely, their inability to name
20 rebuttal experts, as well as their inability to adequately prepare for the deposition of Dr. Smith, "or
21 even determine if the expense of conducting" the deposition was warranted.  Docket No. 33, at 7.
22 This is no trivial matter, considering that discovery closed in this matter prior to Defendants' having

---

[1] In an affidavit attached to Plaintiff's response, Plaintiff's counsel offers that he was out of the country from May 13, 2014, to May 27, 2014.  Docket No. 36-1, at 4.  This fact is not relevant with respect to the issue at hand, *i.e.*, whether Plaintiff's failure to include an expert report for Dr. Smith in Plaintiff's expert disclosure of April 10, 2014, was "harmless" or "substantially justified." Fed. R. Civ. P. 37(c)(1).

[2] Dr. Smith's report concludes that Plaintiff is entitled to "nearly $4 million" dollars in economic damages.  Docket No. 39, at 8.

1  filed their reply in support of their motion. Plaintiff's assertion to the contrary not only fails to shield
2  Plaintiff from his own lack of diligence in providing a report, but highlights the very purpose behind
3  Rule 26(a)(2)(B)'s requirement of a written report: to correct a deficiency in the former rule which
4  "rarely dispensed with the need to depose the expert and often was even of little help in preparing
5  for a deposition of the witness." Rule 26 advisory committee's note (1993).

6  Finally, Plaintiff's contention that "the affidavit of learned able defense counsel casts
7  prejudice in general phraseology, nothing specific" is misplaced; "the burden is on the party facing
8  sanctions to prove harmlessness." *Yeti by Molly Ltd.*, 259 F.3d at 1106. Here, Plaintiff has not met
9  his burden to demonstrate that the failure to include an expert report in his disclosure of Dr. Smith
10 as an expert witness was "harmless" or "substantially justified." Fed. R. Civ. P. 37(c)(1). The Court
11 therefore grants Defendants' motion to strike Dr. Smith as an expert witness.

12 **B.   Motion to Strike Plaintiff's Expert William Morrison**

13 As described above, Defendants received Plaintiff's expert disclosure on April 10, 2014.
14 Docket No. 33, at 5. This disclosure identified William Morrison as one of Plaintiff's experts. *Id*.
15 Plaintiff's disclosure did not contain an expert witness report for Mr. Morrison. *Id*. Defendants seek
16 to strike Plaintiff's expert Mr. Morrison pursuant to Fed. R. Civ. P. 37(c)(1), on the ground that
17 Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure was untimely, insofar as Plaintiff's expert disclosure
18 did not include an expert report for Mr. Morrison. *Id.*, at 6. In response, Plaintiff states that he "has
19 no opposition to the striking of William Morris [sic]." Docket No. 36, at 2.

20 There being no showing - pursuant to Fed. R. Civ. P. 37(c)(1) - that the failure to include an
21 expert report in Plaintiff's disclosure of Mr. Morrison as an expert witness was "harmless" or
22 "substantially justified," the Court grants Defendants' motion to strike Mr. Morrison as an expert
23 witness.

24 **C.   Motion to Strike Plaintiff's Expert Eddie LaRue**

25 In correspondence dated May 9, 2009, Plaintiff stated that he intended to name Eddie LaRue
26 as an "investigator/surveillance expert." Docket No. 34, at 5. Plaintiff did not include with this
27 correspondence an expert witness report for Mr. LaRue; rather, Plaintiff stated "[w]e are awaiting
28 [Mr. LaRue's] CV and report. I shall forward the same to you." Docket No. 34-2, at 2. As of June

- 5 -

1 13, 2014, the date Defendants filed their reply in support of their motion, Plaintiff "still has not
2 provided Defendants with Mr. LaRue's report." Docket No. 38, at 5. In their motion to strike,
3 Defendants ask the Court to strike Mr. LaRue as an expert witness for Plaintiff. In support,
4 Defendants observe that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure was untimely, insofar as
5 Plaintiff's expert disclosure did not include an expert report for Mr. LaRue. Docket No. 34, at 8-10.

6         1.     <u>Failure to Provide a Rebuttal Expert Witness Report</u>

7 Unless otherwise ordered by the court, an expert witness disclosure "must" be accompanied
8 by a written report. Fed. R. Civ. P. 26(a)(2)(B). Failure to provide a written report with an expert
9 witness disclosure renders the disclosure inadequate. *Oliva*, 2010 U.S. Dist. LEXIS, at *9. Since
10 Plaintiff failed to provide a rebuttal expert witness report from Mr. LaRue within the deadlines set
11 by this Court, the federal rules require that Plaintiff be precluded from using Mr. LaRue as a rebuttal
12 expert witness unless Plaintiff can demonstrate that such failure was "harmless" or "substantially
13 justified." Fed. R. Civ. P. 37(c)(1).

14 Defendants claim that prejudice exists and represent that, without the report of Mr. LaRue,
15 they were unable to properly evaluate whether to retain rebuttal experts by the May 9, 2014,
16 deadline. Docket No. 34, at 10. Defendants also state that they were unable to adequately prepare
17 for the deposition of Mr. LaRue, "or even determine if the expense of conducting his deposition" was
18 warranted. *Id*. Defendants maintain that this prejudice cannot be cured, since "as a result of the
19 delayed disclosure, Mr. LaRue now has the advantage of reviewing Defendants' expert's report and
20 opinions before providing his initial expert report." *Id*. Defendants further assert that, "Plaintiff
21 failed to provide a substantial justification for his untimely expert disclosure," and "should not be
22 permitted to gain an advantage as a result of his failure to comply with the discovery rules and
23 deadlines provided by this Court. *Id*.

24 In response, Plaintiff does not dispute that he failed to provide a rebuttal expert witness report
25 with respect to Mr. LaRue. Docket No. 37. Instead, Plaintiff provides an affidavit from Mr. LaRue
26 to support Plaintiff's position that the failure to provide a rebuttal expert witness report was justified
27 because Mr. LaRue "had prior commitments that prevented him from getting involved earlier."
28 Docket No. 37-1, at 12-13. In reply, Defendants note that "Plaintiff's counsel could have notified

- 6 -

1  Defendants of the delay and requested an extension, which he did not do." Docket No. 38, at 6. The
2  Court agrees, and finds that Plaintiff's failure to provide a rebuttal expert witness report for Mr.
3  LaRue was not "substantially justified." Fed. R. Civ. P. 37(c)(1).

4  As described above, "the burden is on the party facing sanctions to prove harmlessness." *Yeti*
5  *by Molly Ltd.*, 259 F.3d at 1106. In response, Plaintiff does not provide any argument that the failure
6  to provide a rebuttal expert witness report with respect to Mr. LaRue was harmless. *See* Docket No.
7  37. Plaintiff's conclusory statement that "the equities weigh allowing Mr. Larue [sic] to give his
8  report and subsequently testify" (Docket No. 37, at 3), is insufficient to overcome Defendants'
9  showing of actual prejudice that they have incurred due to Plaintiff's failure to provide a rebuttal
10 expert witness report. Docket No. 34, at 9-10; Docket No. 38, at 6-8. Accordingly, the Court grants
11 Defendants' motion to strike Mr. LaRue as a rebuttal expert witness.

12              2.     Due Process

13 In his response, Plaintiff states that Mr. LaRue's "testimony is crucial to attack the
14 truthfulness and accuracy of the video evidence," and that it would be "a Due Process violation if
15 the Plaintiff were unfairly prejudiced by inaccurate and misleading surveillance." Docket No. 37,
16 at 2.

17 The Supreme Court has held that, in order to comport with due process, sanctions imposed
18 pursuant to Fed. R. Civ. P. 37(b)(2) must be "just." *Ins. Corp. of Ireland v. Compagnie Des Bauxites*
19 *De Guinee*, 456 U.S. 694, 707 (1982); *see also Benschop v. Vail Resorts*, 2012 U.S. Dist. LEXIS
20 94342, *5 (D. Nev. July 9, 2012) ("[a]ll sanctions imposed for failing to comply with a discovery
21 order must be reasonable in light of the circumstances") (*citation omitted*). In *Benschop*, this Court
22 stated that, in determining whether a sanction for failing to comply with a discovery order is
23 "appropriate," a court should examine: "(1) the public's interest in the expeditious resolution of
24 litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to [the] non-offending
25 party; (4) the public policy favoring disposition of cases on the merits; and (5) [the] availability of
26 less drastic sanctions" *(citing Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006)).

27 In the instant case, Defendants have described with specificity how they will be substantially
28 prejudiced if the Court were to allow Mr. LaRue to file an expert report and proceed as an expert in

- 7 -

this case. Docket No. 38, at 7-8. In addition, Defendants observe that, as discovery closed on June 9, 2014, "[T]he admission of Mr. LaRue's report will likely require an extension of discovery deadlines to enable Defendants to obtain and review Mr. LaRue's report, as well as determine whether to depose Mr. LaRue." Docket No. 38, at 7.

Given the public's interest in the expeditious resolution of this litigation, as well as the Court's need to manage its docket, it is clear that these factors weigh against allowing Mr. LaRue to prepare a rebuttal expert report and appear as a rebuttal expert witness at this advanced stage of the proceedings. *Benschop*, 2012 U.S. Dist. LEXIS, at *5. While the Court is aware of the public policy favoring the disposition of cases on the merits, Defendants "disclosed the surveillance footage and information to Plaintiff on February 12, 2014, well before the initial disclosure deadline of April 10, 2014." Docket No. 38, at 6. As of May 9, 2014 - the date on which Plaintiff first disclosed that he intended to use Mr. LaRue as an expert witness - Plaintiff had had almost three months to arrange for Mr. LaRue to provide an expert rebuttal report.[3] In light of these facts, and having considered the availability of less drastic sanctions, the Court concludes that the sanction of disallowing Mr. LaRue as a rebuttal expert witness pursuant to Fed. R. Civ. P. 37(b)(2) comports with applicable principles of due process. *See Ins. Corp. of Ireland*, 456 U.S. at 707.

**D.     Motion to Strike Plaintiff's Expert Andrew Cash, M.D.**

In correspondence dated May 9, 2009, Plaintiff disclosed Andrew Cash, M.D., as a rebuttal expert witness, and provided Dr. Cash's expert report, along with his fee schedule and CV. Docket No. 34, at 5. In his report, Dr. Cash reviewed Plaintiff's medical records, and provided the following summary:

> The treatment and care was appropriate and necessary. The billing was appropriate, necessary, and within the community standard. The treatment records conclude on February 15, 2013. I would like to review any more recent records and the

---

[3] Given that "Defendants have not identified an investigation/surveillance expert," Docket No. 34, at 9, Defendants argue that Mr. LaRue is more accurately characterized as an initial - as opposed to a rebuttal - expert witness. *Id.* Defendants therefore argue in the alternative that Plaintiff "failed to timely disclose Mr. LaRue as an initial expert." Docket No. 38, at 5. The Court need not rule on this issue, however, having found that Plaintiff has not met his burden to demonstrate that the failure to include an expert report in his disclosure of Mr. LaRue as a rebuttal expert witness was "harmless" or "substantially justified." Fed. R. Civ. P. 37(c)(1).

- 8 -

surveillance videos before a final opinion is rendered.  This report has been generated to a reasonable degree of medical probability.  I reserve the right to change, modify, alter, or reverse any opinions herein should I be provided additional medical records that would support this decision.
*Id.*, at 5-6.

In their motion, Defendants ask the Court to strike Dr. Cash's report as an improper rebuttal report, and argue in the alternative that it is not timely insofar as the report is properly characterized as an initial expert report which was filed beyond the deadline of April 10, 2014.  *Id.*, at 6.

          1.      <u>Whether Dr. Cash's Report was an Improper Rebuttal Report</u>

Rebuttal expert testimony is restricted to subjects which are "intended solely to contradict or rebut evidence on the same subject matter identified by another party."  Fed. R. Civ. P. 26(a)(2)(c)(ii).  In a case cited by Defendants, *R & O Constr. Co. v. Rox Pro Int'l Grp., Ltd.*, 2011 U.S. Dist. LEXIS 78032, *5 (D. Nev. July 18, 2011), Magistrate Judge Lawrence R. Leavitt discussed the subject of what constitutes legitimate rebuttal expert testimony:

> Rebuttal expert reports "necessitate 'a showing of facts supporting the opposite conclusion' of those at which the opposing party's experts arrived in their responsive reports." ... "If the purpose of expert testimony is to 'contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything analogous to one.'" *Amos v. Makita U.S.A.*, 2011 WL 43092, at *2 (D. Nev Jan. 6, 2011) (*quoting In re Apex Oil Co.*, 958 F.2d 243, 245 (8th Cir .1992)); *see also Morgan v. Commercial Union Assur. Cos.*, 606 F.2d 554, 556 (5th Cir. 1979); *LaFlamme v. Safeway, Inc.*, 2010 WL 3522378, at *3 (D. Nev. Sep. 2, 2010).  Rather, rebuttal expert testimony "is limited to 'new unforeseen facts brought out in the other side's case.'"  *In re President's Casinos, Inc.*, 2007 WL 7232932, at * 2 (E.D. Mo. May 16, 2007) *(quoting Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 685 (5th Cir. 1991)).

*Id.*; *see also Downs v. River City Grp., LLC*, 2014 WL 814303, at *3 (D. Nev. Feb. 28, 2014) ("Expert testimony which is not truly rebuttal in nature shall not be allowed at trial, unless the failure to disclose information required by Rule 26(as) was 'harmless' or 'substantially justified'"), *citing* Fed. R. Civ, P. 37(c)(1).  "The sanction of preclusion is 'automatic and mandatory unless the sanctioned party can show its violation ... was either justified or harmless.'"  *Id*. (*quotation omitted*).

Defendants assert that Dr. Cash "does not specifically address the opinions of Defendants' medical expert, Dr. Elkanich, and therefore is not proper rebuttal opinion."  Docket No. 34, at 6.  Defendants also state that Dr. Cash "did not provide any opinions based on 'new unforeseen facts' brought out by Dr. Elkanich."  *Id.*  Defendants argue that, because Dr. Cash's opinion is simply

- 9 -

1  based on his review of Plaintiff's medical records, which Plaintiff had access to at the time initial
2  expert disclosures were due, the report is "more properly an initial expert opinion." *Id*.

3  Defendants argue that they have been prejudiced because they were unable to timely disclose
4  a rebuttal to Dr. Cash's opinions, given the the May 9, 2014, deadline for rebuttal experts. *Id*., at 8.
5  Defendants also reason that Dr. Cash "conceivably gained an advantage by having access to Dr.
6  Elkanich's initial expert report before the disclosure of his own expert report." *Id*.  Finally,
7  Defendants argue that they were unable to adequately prepare for the deposition of Dr. Cash, or to
8  even assess whether such a deposition would be warranted. *Id*.

9  In response, Plaintiff argues that Dr. Cash's report covers the same subject matter as
10 Defendants' expert's report (*i.e.* the reasonableness and necessity of Plaintiff's medical treatment).
11 Docket No. 37, at 3.  Reasoning that, "there is nothing in case or statutory authority that requires
12 reference to the other party's report as a condition precedent to qualifying as an expert rebuttal
13 report," Plaintiff asserts that Dr. Cash's report was a proper rebuttal. *Id*.  Plaintiff accordingly
14 requests that Dr. Cash's testimony and report be admitted. *Id.*, at 2.  In reply, Defendants argue that,
15 "Plaintiff should have anticipated and expected that his alleged medical damages ... would be part
16 of Defendants' case-in-chief, as these are central issues in this litigation." Docket No. 38, at 4.
17 Defendants point out that they pled affirmative defenses that specifically denied that Plaintiff's
18 alleged injuries were the result of the motor vehicle incident identified in the Complaint. *Id*.
19 Because Dr. Cash's simply opines on the reasonableness of Plaintiff's medical treatment, Defendants
20 argue that his expert report should be stricken, as it is not limited to "new unforeseen facts" brought
21 out in the other side's case. *Id*., at 4 ("While Plaintiff contends Dr. Cash's report does in fact rebut
22 Dr. Elkanich's findings, he provides no evidence of such other than his conclusory allegations").

23 In *Downs*, 2014 WL 814303, this Court addressed the same question of whether a rebuttal
24 expert report constituted legitimate rebuttal testimony.  In that case, the Court found that the rebuttal
25 expert report was not a true rebuttal because it did not "explain, repel, counteract or disprove
26 evidence of the adverse party," nor was it "limited to new, unforeseen facts brought out in the other
27 side's case." *Id*., at *5.  Relying on *R & O Constr.*, the Court held that rebuttal experts "must restrict
28 their testimony to attacking the theories offered by the adversary's experts."  *Id*., *citing R & O*

- 10 -

1    *Constr. Co.*, 2011 U.S. Dist. LEXIS 78032, at *8. To support its conclusion, the Court noted that
2    the rebuttal expert only addressed the initial expert's report in passing. *Id.*, at *16.

3          The Court finds that *Downs* is instructive. As discussed above, Dr. Cash's report does not
4    address any of the opinions offered by Defendants' expert, nor is Dr. Cash's opinion on the
5    reasonableness and necessity of Plaintiff's medical treatment limited to facts which were unforeseen
6    at the time of the deadline for initial expert disclosures. Docket No. 34, at 7. Thus, as was the case
7    in *Downs*, "[u]nder the standard that the function of rebuttal testimony is to explain, repel, counteract
8    or disprove evidence of the adverse party ... and is limited to new, unforeseen facts brought out in
9    the other side's case," it is difficult for the Court to view Dr. Cash as a legitimate rebuttal expert.
10   *Downs,* 2014 WL 814303, at *5 (*internal quotations and citations omitted*).

11         Whether Plaintiff's alleged medical condition is related to the subject accident and whether
12   he needs future medical treatment are the central issues of this entire litigation. Therefore, Dr.
13   Cash's opinions on these issues are not opinions on "new, unforeseen facts" brought out in the other
14   side's case. *Id*. Although Dr. Cash and Defendants' expert's reports address the same general
15   subject matter of the case, Docket No. 37, at 3, Dr. Cash's report does not directly address the
16   findings, *i.e.* "the same subject matter," of Defendants' expert's reports. Therefore it is not a rebuttal
17   expert report within the meaning of Fed. R. Civ. P. 26(a)(2)(C)(ii). *R & O Constr. Co.*, 2011 U.S.
18   Dist. LEXIS 78032, at *8, *citing Vu v. McNeil-PPC, Inc.,* 2010 U.S. Dist. LEXIS 53639, at *3 (C.D.
19   Cal. May 7, 2010) (finding that such a broad meaning would all but nullify the distinction between
20   an initial "affirmative expert" and a "rebuttal expert"). Dr. Cash does not explicitly address
21   Defendants' expert's findings, and does not offer any opinions on "new, unforeseen facts" brought
22   out in the other side's case; accordingly, Dr. Cash's report does not constitute rebuttal testimony.

23         2.     <u>Whether Dr. Cash's Untimely Report was Justified or Harmless</u>

24         Next, although the Court has determined that Dr. Cash's report does not qualify as a rebuttal
25   expert report, the Court must still determine whether his report might be admissible as that of an
26   initial expert. *Downs,* 2014 WL 814303, at *5, *citing Makita*, 2011 WL 43092, at *2. Specifically,
27   the Court must determine whether Plaintiff's violation of the April 10, 2014, discovery deadline was
28   either substantially justified or harmless. Fed. R. Civ. P 37(c)(1).

As described above, there are several factors for the Court to consider when determining whether a violation of the expert discovery rules was harmless, including: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not disclosing the evidence." *Lanard Toys*, 375 Fed. App'x at 713 (*citation omitted*). The Court has wide latitude in resolving discovery disputes involving experts under Rule 37(c)(1). "Excluding expert testimony is not proper when there are other, less severe sanctions available." *Makita*, 2011 WL 43092, at *4, *citing Galantine v. Holland America LineWestours, Inc.*, 333 F. Supp.2d 991, 993-94 (W.D. Wash. 2004). Thus, "where the harm can be easily remedied, exclusion is not the proper sanction." *Makita*, 2011 WL 43092, at * 4, *citing Frontline Med. Assocs. v. Coventry Health Care*, 263 F.R.D. 567, 570 (C.D. Cal. 2009).

Here, Defendants argue that they have been prejudiced because they were unable to timely disclose a rebuttal to Dr. Cash's opinions, were unable to adequately prepare for the deposition of Dr. Cash, and could not even assess whether such a deposition would be warranted. Docket No. 34, at 8. Defendants also maintain that Dr. Cash could have gained an advantage by having access to Defendants' experts' reports before he prepared his opinions. *Id*.

The Court finds that this situation can be "easily remedied" by opening discovery for the limited purpose of allowing Defendants to depose and rebut Dr. Cash. *See Makita*, 2011 WL 43092, at *4. This will ensure that any surprise or prejudice suffered by Defendants is minimal, if not eliminated. In addition, Defendants are still able to supplement their experts' reports up until 30 days before trial pursuant to Fed. R. Civ. P. 26(e)(2). Because Defendants have only incurred minimal prejudice and surprise, ample opportunity exists to cure the prejudice. *See Lanard Toys*, 375 Fed. App'x at 713. In regard to any disruption of the trial, the trial has not been set and, other than the untimeliness of Dr. Cash's report, Dr. Cash's report has not caused any disruption in this case. *See Downs,* 2014 WL 814303, at *7. Further, there is no evidence of bad faith or wilfulness on behalf of Plaintiff and, additionally, other sanctions are available to ameliorate any prejudice to Defendants.

//

Therefore, it does not appear that exclusion of Dr. Cash's report is the appropriate remedy. *See id.,* at *8. However, while the Court declines to impose the sanction of exclusion, in the exercise of the Court's broad discretionary powers, the Court nevertheless will condition Plaintiff's ability to call Dr. Cash as a witness subject to the following restrictions:

1) Dr. Cash may not be used to rebut any opinions or methodology of Defendants' experts; he may be used solely as an initial expert;

2) Dr. Cash conceivably gained a tactical advantage by having access to Defendants' experts' reports before he prepared his opinions; the jury shall be informed that Dr. Cash's report was prepared after and with the benefit of first having reviewed Defendants' experts' reports;

3) Defendants, if they choose to do so, may depose Dr. Cash, no later than September 20, 2014;

4) Defendants' experts may prepare an amended or supplemental report taking Dr. Cash's report into consideration;

5) Defendants may disclose an expert or experts solely to rebut Dr. Cash, no later than September 30, 2014; and

6) Plaintiff may depose Defendants' rebuttal expert(s), no later than October 3, 2014.

### III. CONCLUSION

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike Plaintiff's Expert Witness Designation, Docket No. 33, is **GRANTED**. Defendants' motion to strike Plaintiff's expert witness Stan Smith, Ph.D is **GRANTED**. Defendants' motion to strike Plaintiff's expert witness William Morrison is **GRANTED**.

//

//

//

//

1 **IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiff's Expert Witnesses, Docket No. 34, is **GRANTED** in part, and **DENIED** in part.  Defendants' motion to strike Plaintiff's expert witness Eddie LaRue is **GRANTED**.  Defendants' motion to strike Plaintiff's expert witness Andrew Cash, M.D. is **DENIED**, subject to the conditions described in this Order.

IT IS SO ORDERED.

DATED: August 4, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge